Kinzua Oil and Gas Corp. *v.* Kane Gas, Light and Heating Company et al., Appellants.

Argued October 6, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*John W. English,* with him *John A. Bowler,* and *English, Bowler & Jenks,* for appellants.

*Anthony H. Chambers,* with him *Chambers and Crisman,* for appellee.

OPINION PER CURIAM, June 28, 1971:

This appeal arises from an action in equity in the Court of Common Pleas of McKean County brought by John Kaye as alleged vice-president of Kinzua Oil and Gas Corporation, a Pennsylvania corporation, against Kane Gas, Light and Heating Company, a Pennsylvania public utilities corporation, and against Fred Young and Grace Mattison as officers of Kane Gas. The complaint prayed for an order directing Kane Gas and its officers to hold a stockholders' meeting in accordance with its bylaws and for the appointment of judges of election to supervise the voting at such election. The relief sought was granted, and, following the dismissal of defendants' exceptions and entry of a final decree, an appeal was taken to this Court.

At trial defendants contended that the stock of plaintiff Kinzua is in fact owned by defendant Fred Young and his wife, Mercedes Young, and that those persons initiating the instant action and purporting to act for plaintiff Kinzua are without such authority and without any legal basis to be officers of plaintiff. The chancellor agreed that the question of ownership of the Kinzua stock was of crucial importance to the resolution of this case and, accordingly, deferred making any decision until after an adjudication had been made in another pending action in equity which had been brought by the *Youngs* to establish their title to the Kinzua stock. See, *Young v. Kaye,* 443 Pa. 335, 279 A. 2d 759 (1971). The chancellor in the action brought by the Youngs held that the Youngs did not have title to the Kinzua stock, and the chancellor in the instant action therefore entered a decree in favor of plaintiff.

We have today reversed the decree entered in the action brought by the Youngs and have held that the Youngs do have clear title to the Kinzua stock. See, *Young v. Kaye,* supra. Since there is no longer any

basis for the chancellor's adjudication in the present case, the instant decree is reversed. Each party to pay own costs.

Mr. Justice COHEN took no part in the decision of this case.